UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 2:12-cr-00445-KJM-1 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Alfred Bryant Tribbey, | |
| Defendant. | |

      On April 17, 2023, this court continued the Revocation (dispositional) Hearing to July 10, 2023. Min. Order, ECF No. 181. Defendant Alfred Bryant Tribbey is currently in state custody, pending resolution of his state case. *See* Mot. at 2–3, ECF No. 182; Opp'n at 2, ECF No. 186. Defendant now moves for a writ directing him to appear before this court for his dispositional hearing. Mot. Defendant argues the court has jurisdiction and power to issue the writ under the All Writs Act. Mot. at 3 (citing 28 U.S.C. § 1651(a)). The government opposes and argues the court lacks authority to order the relief requested by defendant. Opp'n. Defendant has not replied.

      This court does not have jurisdiction to grant the relief defendant requests. The All Writs Act, which defendant relies on, "does not operate to confer jurisdiction [], since it may be invoked by a district court only in aid of jurisdiction which it already has." *Stafford v. Superior Ct. of Cal., In & For Los Angeles Cnty.*, 272 F.2d 407, 409 (9th Cir. 1959). Defendant is in state

custody pending resolution of his state proceeding. Opp'n Attach. A at 10. "[P]ossession of the body of accused by one sovereign withdraws him from the jurisdiction of the other." *Strand v. Schmittroth*, 251 F.2d 590, 606 (9th Cir. 1957). Accordingly, this court does not have jurisdiction because defendant is not currently in federal custody. Moreover, defendant does not cite to binding authority, nor can the court find any, recognizing district courts have authority to order a defendant in state custody to appear in federal court solely under the All Writs Act. Additionally, as the government argues, the state court has not consented to defendant's return to federal custody and the government has not sought a writ of habeas corpus *ad prosequendum* to bring him back to federal custody. *See* Opp'n at 3; *see also Strand*, 251 F.2d at 610 ("A person who has violated the criminal statutes of both the federal and a state government may not complain of the order in which he is tried or punished for such offenses. The interested sovereigns may arrange the order of trial and punishment according to their convenience."). Accordingly, defendant's motion is **denied**.

This order resolves ECF No. 182.

IT IS SO ORDERED.

DATED: June 27, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE